*220
 
 FOURNET, Justice
 

 (dissenting in part .and concurring in part).
 

 The wife, having been granted a divorce in this case, is, as a matter of right, entitled to the custody of the minor born of ■said marriage, Howdy Coats Withrow,
 
 unless
 
 the trial judge concludes it to be for the greater advantage of the child that he be entrusted to the care of the father, in which case it is within the trial judge’s discretion to grant the father the custody. Article 157 of the Revised Civil Code. This conclusion, of. course, is subject to review by this court. White v. Broussard, 206 La. 25, 18 So.2d 641, and the authorities therein cited.
 

 I fully agree with the conclusion in the majority opinion that where the evidence is unsatisfactory or where the interests of justice demand it, the case may be remanded to the lower court for the purpose of receiving further and more satisfactory evidence. But I do not subscribe to that part of the opinion and decree ordering the trial judge “to appoint the Orleans Parish Director of Public Welfare to make or cause to be made an investigation of both the plaintiff and defendant, for the purpose of determining the fitness of each parent for the legal custody of the child in question, and to report under oath to that court all of the pertinent facts and circumstances found.”
 

 Such procedure, in my opinion, cannot assist the court unless the Orleans Parish Director of Public Welfare will relegate himself to the roll of detective. The only report this director, or one of the workers of the department, can make is with respect to the moral character and fitness of these two people to be entrusted with the care of their minor child, and such a report can only be based upon what the worker learns from others and the worker’s opinion formed from such information. Such evidence, in my opinion, is inadmissible under the rules relative to the admissibility of evidence.
 

 McCALEB, J., concurs in dissenting opinion.